UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARA ROLLINS LEVINE,<br><br>Defendant. | Case No. 17-cv-07344-LB<br><br>**ORDER DENYING MOTION REGARDING LACK OF INDISPENSABLE PARTY AND MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION**<br><br>Re: ECF No. 34 |

## INTRODUCTION

David Levine was a rental tenant in an apartment complex owned by Martin Gaehwiler.[1] Mr. Levine's mother, Kara Rollins Levine, signed the rental agreement on Mr. Levine's apartment as a co-signer.[2] The rental agreement expressly stated that smoking was not permitted in the apartment.[3]

---

[1] *See* Compl. – ECF No. 1 at 1 (Nature of the Actions), 3 (¶ 11). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 3 (¶ 12).

[3] *Id.* at 4 (¶ 15).

ORDER – No. 17-cv-07344-LB

On January 16, 2016, a fire broke out in Mr. Levine's apartment, caused by a lit cigarette.[4] The fire spread throughout the unit and caused substantial fire and smoke damage.[5] Mr. Gaehwiler brought this suit against Ms. Levine, asserting claims for negligence and breach of contract and seeking to recover for the damage caused by the fire.[6] Mr. Gaehwiler invoked diversity jurisdiction, alleging that he is a citizen of California, that Ms. Levine was a citizen of Montana, and that his damages exceeded $75,000.[7]

Mr. Gaehwiler did not sue the actual tenant, Mr. Levine. He only sued Ms. Levine (as the co-signer on the rental application and for her alleged negligence in not caring for the rental unit and allowing a lit cigarette to start a fire). Ms. Levine moved to dismiss, arguing that (1) Mr. Levine should be joined as a defendant as an indispensable party under Federal Rule of Civil Procedure 19, and (2) Mr. Levine's presence after being joined would destroy diversity jurisdiction because Mr. Levine, like Mr. Gaehwiler, is a citizen of California, and therefore the court must dismiss the case for lack of subject-matter jurisdiction.

The court can decide this motion without a hearing. N.D. Cal. Civ. L.R. 7-1(b). Mr. Levine is not a necessary party under Rule 19 (and therefore is not indispensable) and does not need to be joined. The court therefore denies Ms. Levine's motion to join Mr. Levine and denies her motion to dismiss.[8]

---

[4] *Id.* at 3 (¶ 13).

[5] *Id.* at 3–4 (¶¶ 13, 19).

[6] *Id.* at 1 (Nature of the Actions), 2 (¶ 6), 4 (¶ 20), 6–7 (¶ 29).

[7] *Id.* at 2 (¶ 2) (alleging that Ms. Levine is a citizen of Montana), 6 (¶ 2) (alleging damages in excess of $97,789.99); Civil Cover Sheet – ECF No. 1-1 (alleging that Mr. Gaehwiler is a citizen of California).

[8] On June 5, 2018, Ms. Levine filed her motion to dismiss the original complaint. Levine Mot. – ECF No. 34. On June 9, the court granted a motion to substitute Mr. Gaehwiler's insurer, Travelers Property Casualty Company of America, for Mr. Gaehwiler as plaintiff. Order – ECF No. 36. On June 19, Travelers filed a First Amended Complaint ("FAC"), FAC – ECF No. 40, but it also simultaneously filed a substantive opposition to Ms. Levine's motion on the merits, Pl. Opp'n – ECF No. 39. Ms. Levine filed a reply. Levine Reply – ECF No. 43. It is not clear whether Ms. Levine's motion to dismiss the original complaint should be treated as operative against the FAC. But given that Ms. Levine's motion raises questions about subject-matter jurisdiction, which can be raised at any time, and that the arguments Ms. Levine raises in her motion are equally applicable to the original or amended complaints, the court addresses Ms. Levine's motion on the merits here.

# ANALYSIS

## 1. Governing Law

Federal Rule of Civil Procedure 19 states, in relevant part:

(a) **Persons Required To Be Joined If Feasible.**

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

. . . .

(b) **When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. . . .

The party moving for joinder bears the initial burden of demonstrating that joinder of an absent party is necessary under Rule 19(a). *See, e.g.*, *Estate of Vela*, No. 16-cv-02375-BLF, 2018 WL 1510213, at *3 (N.D. Cal. Mar. 27, 2018) (citing *Brum v. County of Merced*, No. 1:12-cv-01636-AWI-KSO, 2013 WL 2404844, at *4 (E.D. Cal. May 31, 2013)). A party must be necessary under Rule 19(a) to be indispensable under Rule 19(b). *See United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (discussing three-step process for determining if a party is necessary and indispensable).

## 2. Application

Ms. Levine has not met her burden of demonstrating why Mr. Levine is a necessary party. First, Mr. Levine's absence does not preclude the court from according complete relief among the existing parties, and hence Mr. Levine is not necessary under Rule 19(a)(1)(A). "[I]f a party can

1  recover damages sufficient to compensate for his or her injuries from the defendants already in the
2  action, additional parties that are also jointly and severally liable are not needed to afford complete
3  relief." *First Nat'l Ins. Co. of Am. v. Peralta Comm. College Dist.*, No. 12-cv-5943 JSC, 2013 WL
4  622944, at *4 (N.D. Cal. Feb. 15, 2013) (quoting *A.D. v. Cal. Highway Patrol*, No. 07-5483, 2009
5  WL 733872, at *2 (N.D. Cal. Mar. 17, 2009)). Travelers seek to recover monetary damages solely
6  from Ms. Levine, which can be completed without Mr. Levine's joinder.[9] Second, Mr. Levine
7  does not claim an interest relating to the subject of the action, and hence Mr. Levine is not
8  necessary under Rule 19(a)(1)(B). "Joinder is 'contingent upon an initial requirement that the
9  absent party *claim* a legally protected interest relating to the subject matter of the action.'" *Bowen*,
10 172 F.3d at 689 (emphasis in original, internal ellipsis omitted) (quoting *Northrop Corp. v.
11 McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). Mr. Levine has made no such
12 claim here. Ms. Levine may claim an interest in having Mr. Levine as a party to the action, but
13 that is not the same as Mr. Levine claiming an interest himself. *Catlin Specialty Ins. Co. v. Nat'l
14 Union Fire Ins. Co. of Pittsburgh, Pa.*, No. CV 13-7594 FMO (CWx), 2015 WL 12791423, at *6
15 (C.D. Cal. Sept. 30, 2015) ("Rule 19(a)(1)(B) is inapplicable at the threshold" where "there is no
16 indication that . . . the absent parties claim[] any interest in this litigation. Rather, it is [the current
17 defendant] that claims an interest in joining those parties to this case") (internal brackets omitted)
18 (quoting *Varlen Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 09-cv-7915, 2011 WL
19 3664796, at *5 (N.D. Ill. Aug. 17, 2011)).

20  Ms. Levine makes no meritorious arguments to the contrary. She argues that she cannot file a
21 "cross-claim" or a "counterclaim" if Mr. Levine is not joined as a party under Rule 19.[10] These
22 statements are wrong as a matter of law. Ms. Levine was free to file a counterclaim against Mr.

---

[9] Travelers stipulates that if this action proceeds against Ms. Levine, it will not pursue Mr. Levine for the damages at issue here. Travelers Opp'n – ECF No. 39 at 3.

[10] Levine Mot. – ECF No. 34 at 4 ("Without Nathan Levine being joined as an indispensable party, Defendant Kara Rollins Levine is thwarted from filing a cross-complaint as she has never lived at the subject property."); Levine Reply – ECF No. 43 at 2 ("If Nathan Levine is out of state or refuses to cooperate, Defendant will not be able to conduct discovery; Defendant would not be able to file a counterclaim against him.").

Gaehwiler or Travelers, regardless of whether Mr. Levine is joined as a party. Fed. R. Civ. P. 13. Similarly, Ms. Levine was free to file a third-party complaint against Mr. Levine and implead him into this action if she desired. Fed. R. Civ. P. 14. That she did not do so does not make Mr. Levine a necessary party under Rule 19. *See EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1086–87 (9th Cir. 2010) ("The courts of appeals that have addressed the question are unanimous in holding that if an absentee can be brought into an action by impleader under Rule 14(a), a dismissal under Rule 19(b) is inappropriate.").

Ms. Levine also argues that she cannot take discovery of Mr. Levine unless he is joined as a party under Rule 19 and is therefore thwarted from presenting a defense.[11] Again, this statement is wrong as a matter of law. Ms. Levine is free to seek discovery of Mr. Levine, regardless of whether he is a party or not. *See* Fed. R. Civ. P. 45 (establishing rules for taking discovery of non-parties).

Ms. Levine also argues that both she and Mr. Levine were signatories to the rental agreement and that in a breach-of-contract action, all parties to the contract are necessary and indispensable. This claims too much. "Under some circumstances, an absent party's contract rights may give it a legally protected interest in an action." *Ward v. Apple Inc.*, 791 F.3d 1041, 1053 (9th Cir. 2015) (citing cases). "For instance, it is well established that all parties to a contract are necessary in an action to set aside the contract." *Id.* (citing *Wilbur v. Locke*, 423 F.3d 1101, 1113 (9th Cir. 2005)). Additionally, "an absent party may be required in an action seeking equitable relief that would prevent a defendant from fulfilling 'substantial' contractual obligations to the absent party." *Id.* (citing cases). But it is not the case that "an absent party is always required when the relief sought in an action merely implicates an absent party's contract rights." *Id.* (citing *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 970 (9th Cir. 2008)). In particular, in a breach-of-contract action for money damages where the parties are not seeking to

---

[11] Levine Reply – ECF No. 43 at 2 ("As Plaintiff knows, Defendant can only 'conduct' discovery on a party already in the lawsuit. If Nathan Levine is out of state or refuses to cooperate, Defendant will not be able to conduct discovery[.]")

rescind or set aside the contract, joint contractual obligors are not per se necessary or indispensable. *Trans Pac. Corp. v. S. Seas Enters., Ltd.*, 291 F.2d 435, 436 (9th Cir. 1961) ("Nor, ipso facto, are joint obligors indispensable parties" in a breach-of-contract action) (citing *Greenleaf v. Safeway Trails, Inc.*, 140 F.2d 889 (2d Cir. 1944)); *Vectron Exim Ltd. v. Stokes*, No. 2:17-cv-02944-CAS(RAOx), 2017 WL 2785417, at *3 (C.D. Cal. June 27, 2017) ("courts have consistently held that joint obligors are not indispensable parties and the failure to join joint obligors is not grounds for dismissal") (citing *Trans Pacific* and other cases).[12]

Finally, unrelated to the issue of joinder, Ms. Levine argues that the case must be dismissed because the rental agreement states that any legal action must take place in San Francisco County. But this court is in San Francisco County, and hence this provides no basis for dismissal.

## CONCLUSION

Mr. Levine is not a necessary or indispensable party under Rule 19. The court therefore denies Ms. Levine's motion to join Mr. Levine and denies her motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 11, 2018

_____
LAUREL BEELER
United States Magistrate Judge

---

[12] Ms. Levine's case citations are inapposite. *Rosenweigh v. Brunswick Corp.*, No. 08-807 (SDW), 2008 WL 3895485 (D.N.J. Aug. 20, 2008), involved a plaintiff who signed a contract with only one counterparty, *id.* at *6, and then filed a claim seeking to rescind the contract without naming that party as a defendant (among other claims), *id.* at *11. That case does not apply here, where there are multiple counterparties, one of whom has been named as a defendant, and where the plaintiff is not seeking to rescind any contract. *Travelers Indemnity Co. v. Household International, Inc.*, 775 F. Supp. 518 (D. Conn. 1991), involved a question of whether the plaintiff, a parent insurance company, was the proper plaintiff to sue on a contract when, in another litigation, the parent had taken the position that its subsidiary was the proper party to bring suit. *See Catlin*, 2015 WL 12791423, at *6 n.8 (discussing *Travelers*, 775 F. Supp. at 526–27). It did not involve multiple potential defendants to a breach-of-contract action and does not stand for the general proposition that all parties to a contract are per se necessary and indispensable under Rule 19. *Cf. id.* at *6. Similarly, *Gauss v. Kirk*, 198 F.2d 83 (D.C. Cir. 1952) does not stand for the general proposition that all parties to a contract are per se necessary and indispensable under Rule 19. *See id.* at 83–84 (holding that contractual parties were not indispensable and remanding for trial court to determine whether they were necessary or not).